RECEIVED
SEP 2 9 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Hunkin, et al                         Civil Action No. 6:08-0456

versus                              Judge Tucker L. Melançon

Cooper /T. Smith Stevedoring        Magistrate Judge C. Michael Hill
Co., Inc.

## MEMORANDUM RULING

Before the Court is a Motion to Transfer [Rec. Doc. 12], filed by defendant Cooper/ T. Smith Stevedoring Company, Inc. ("Cooper"), plaintiffs' opposition memorandum [Rec. Doc. 15], plaintiffs' supplemental memorandum in opposition to the motion [Rec. Doc. 27] and defendant's reply memorandum [Rec. Doc. 31]. For the reasons that follow, the motion will be denied.

*I. Background*

The plaintiffs, Jeffrey and Kimberly Hunkin, filed this action under the Jones Act, General Maritime Law and, alternatively, for relief pursuant to Rule 905(b) of the Longshore and Harbor Worker's Compensation Act ("LHWCA") for injuries to Jeffrey Hunkin incurred on March 31, 2008 while in the course of his employment. *R. 1.* Plaintiffs named as the defendant Cooper/T Smith Stevedoring Company, Inc. ("Cooper"), Jeffrey Hunkin's employer, alleging the negligence of Cooper in connection with the March 31, 2008 incident. *Id.* Cooper filed this motion to transfer from the Western District of Louisiana to the Eastern District of Louisiana on June 3, 2008. *R. 12.* In their opposition memorandum, plaintiffs moved the Court to continue the hearing on Cooper's motion to transfer and allow them additional time to complete jurisdictional discovery. *R. 15.* By order entered on June 12, 2008, the Court granted plaintiffs'

motion and allowed them an additional 45 days to conduct discovery. *R. 19*. Plaintiff filed a supplemental memorandum in opposition to Cooper's motion on August 13, 2008, *R. 27*, and Cooper filed a reply on August 20, 2008. *R. 31*.

*II. Analysis*

*A. Standard for Change of Venue under 28 U.S.C. § 1404(a)*

Cooper seeks a transfer based on considerations of convenience pursuant to 28 U.S.C. section 1404(a). A district court may transfer any civil action to any other district or division where it might have been brought for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a).[1] The language of § 1404(a) is permissive, as opposed to mandatory, and, accordingly, a transfer pursuant to this section is within a court's sound discretion. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). As the party requesting transfer, defendant bears the burden of establishing that the transferee forum is more convenient. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir., 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").

"'For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.' 28 U.S.C. § 1404(a) (2003). The determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of

---

[1] "Congress enacted § 1404(a) to permit change of venue between federal courts. Although the statute was drafted in accordance with the doctrine of forum non conveniens, it was intended to be a revision rather than a codification of the common law. District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of forum non conveniens." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981)(internal citations omitted).

2.

dispositive weight. *Syndicate 420 at Lloyd's London v. Early Am. Ins., Co.*, 796 F.2d 821, 827 (5th Cir.1986). These private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* at 831. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*" *Action Industries, Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (Considering a motion to transfer from the Northern District of Mississippi to the Western District of Tennessee under § 1404(a)).[2]

The parties do not challenge the jurisdiction of the Western District of Louisiana or the Eastern District of Louisiana as the accident occurred on navigable waters within the State of Louisiana and Cooper does business in the State of Louisiana. *See i.e. Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 324 (5th Cir. 1977) (Venue in an in personam admiralty action has long been established as proper if the court has jurisdiction over the person.); *Terrebonne v. K-Sea Transp. Corp.*, 477 F.3d 271, 281 (5th Cir.,2007) (citing *Pure Oil Company v. Suarez*, 86 S. Ct. 1394 (1966) (Holding 28 U.S.C. § 1391 applicable to the Jones Act)). Nor are there challenges of improper forum shopping.

---

[2] In *In re Volkswagen of America, Inc.*, 506 F.3d 376 (5th Cir.2007) *(In re Volkswagen II)*, the Fifth Circuit recently addressed the standard and factors that a district court must consider in determining whether to transfer a case pursuant to 28 U.S.C. § 1404(a). In an opinion dated February 14, 2008, however, the Fifth Circuit granted a rehearing en banc in *In re Volkswagen II* and the opinion was withdrawn. *In re Volkswagen of America Inc.*, 517 F.3d 785 (5th Cir., 2008)

Rather, Cooper maintains that the Eastern District is a more convenient venue than the plaintiffs' choice of forum in the Western District. Therefore, the convenience of the forum to the parties is a statutory consideration in which the following factors should be considered.[3]

*1. Private Interest Factors*

*a. Relative ease and access to sources of proof*

Cooper contends that: (1) neither the parties, the fact witnesses nor the medical witnesses reside in the Western District, however, Cooper's domestic offices and the plaintiffs' residence are both located in or within one-hundred (100) miles of the Eastern District; (2) the location of the accident was not in the Western District but rather was in LaPlace, Louisiana, in the Eastern District; and (3) Cooper's books and records are located in its domestic offices.

Plaintiffs argue that of the six witnesses to the accident, two reside in the Eastern District and both are employees of Cooper. Plaintiffs further argue that almost all of Jeffrey Hunkin's treatment for severe injuries to his legs has taken place in Baton Rouge, Louisiana, outside of both the Western and Eastern Districts. Also, plaintiffs have identified twelve essential healthcare providers to date, the majority of whom work in

---

[3] The parties cite the § 1404(a) factors set forth in *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex., 1993)(Kent, J.). Relying on Texas District Court jurisprudence, the *Dupre* court stated: "In reaching its decision, a court must consider several factors: the availability and convenience of witnesses and parties, the location of counsel, the location of books and records, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum. *See, e.g., Hogan v. Malone Lumber, Inc.*, 800 F.Supp. 1441, 1443 (E.D.Tex.1992); *United Sonics v. Shock*, 661 F.Supp. 681, 682-83 (W.D.Tex.1986); *Greiner v. American Motor Sales Corp.*, 645 F.Supp. 277, 278 (E.D.Tex.1986); Coons v. American Horse Show Ass'n, Inc., 533 F.Supp. 398, 400 (S.D.Tex.1982); *Morgan v. Illinois Cent. R.R. Co.*, 161 F.Supp. 119, 120 (S.D.Tex.1958)." Even assuming *arguendo* that the *Dupre* factors apply in this matter, the Court finds that the result does not change using the *Dupre* factors.

Baton Rouge. The only medical treatment received by plaintiff in the Eastern District was at River Parishes Hospital in LaPlace, Louisiana for emergency purposes immediately following the accident. Plaintiff was transferred to Our Lady of the Lake Hospital in Baton Rouge, Louisiana on April 9, 2008 until April 29, 2008, where he underwent several surgeries during that period. Thereafter, plaintiff was admitted at Sage Rehabilitation Institute in Baton Rouge.

While the accident occurred in LaPlace, Louisiana in the Eastern District, and the location of Cooper's books and records are in the Eastern District, neither are of significant importance in a maritime personal injury claim such as this one. Also, the Court fails to see how transfer to the Eastern District would provide any greater access to sources of proof than if the case were to proceed in this District. Defendant does not dispute that the majority of the medical witnesses are in Baton Rouge, within or less than 100 miles from the Western District as are the majority of the fact witnesses to the incident. The Court finds that this factor weighs only slightly in favor of transfer to the Eastern District.

*b. Availability of compulsory process to secure the attendance of witnesses*

Defendants argue that the Eastern District is the most convenient venue because witnesses to the accident and medical witnesses are located within one hundred (100) miles of the Eastern District. Courts have recognized that the availability and convenience of witnesses is an important factor in a § 1404(a) analysis. But the party moving for transfer must do more than make a general allegation that certain key witnesses are needed. *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993). It must "specifically identify the key witnesses and outline the

substance of their testimony." *Id.* The only evidence provided by Cooper is the company's investigation report of the accident listing two witnesses to the incident who reside in LaPlace, Louisiana, within the Eastern District, and one witness who resides in Livingston Parish, in the Middle District. Plaintiffs represent that other fact witnesses identified by Cooper live in Napoleonville, Baker and Geismer, all in the Middle District, with no advantage to being in the Eastern District. *R. 27.* Plaintiffs concede that Jeffrey Hunkin was transported to River Parishes Hospital in LaPlace. Plaintiffs assert, however, "that the 'crucial witnesses' are going to be the litany of doctors, physical therapists, occupational therapists and many other healthcare providers who are providing medical treatment to Mr. Hunkin, reside in Baton Rouge, Louisiana" which is within 100 miles of the Western District as well as the Eastern District. *R. 15.* Cooper has provided nothing to identify and substantiate any of these witnesses. As Cooper has made no showing to contradict plaintiffs' representations as to the fact and medical witnesses, Cooper has failed to carry its burden of showing that the Eastern District would be a more convenient forum to secure the attendance of the majority of witnesses in this case.

*c. Cost of attendance for willing witnesses*

As discussed in the foregoing, Cooper has failed to show that the majority of witnesses testifying in this case would be required to travel more than 100 miles to the Western District. Rather, the record indicates that the majority of witnesses would be required to travel approximately the same distance to the Eastern District. Thus, the Court also finds that this factor does not weigh in favor of transfer.

*d. Practical considerations for expeditious adjudication*

This case was filed on April 2, 2008, five months ago, and no trial date has been set. Neither party would likely suffer any prejudice if the Court transferred this matter. This factor is neutral.

*2. Public Interest Factors*

*a. Court congestion*

The parties do not indicate that this case presents any particular difficulties that would clog any court's docket. It is a straightforward personal injury case under maritime law. This factor is also neutral.

*b. Local interest in having localized interests decided at home*

It is well-established that the local interest in deciding local issues at home favors transfer to a venue that will vindicate such an interest. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981). Because the accident occurred within the Eastern District, this factor weighs in favor of transfer to the Eastern District. But it does so only slightly because the accident only affected plaintiff, a Louisiana citizen, and Cooper, a corporation doing business in the State of Louisiana.

*c. Familiarity of the forum with the law that will govern the case*

There is no dispute that Louisiana law applies to this action. Accordingly, this factor is neutral.

*d. Avoidance of unnecessary problems of conflict of laws*

There is no indication that this case raises any conflicts of law issues. This factor is also neutral.

The Court finds that the Eastern District of Louisiana is not clearly more convenient than the present forum under the § 1404(a) factors. It is clear that both parties

are vying for the forum most convenient to themselves rather than concern for the witnesses, otherwise the motion would have requested transfer to the Middle District. While forum choice should not be given dispositive weight, the plaintiffs are entitled to some deference even though they have chosen a foreign forum. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255-256 (1981) ("When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."). Also perhaps relevant is the fact that the attorneys for the plaintiffs in this matter are located in the Western District and counsel for defendant maintains an office in the Western District. Although attorney location is never a strong factor in the calculus to transfer venue, it can bear some weight on the venue decision. *See Formaldehyde Institute, Inc. v. U.S. Consumer Product Safety Com'n,* 681 F.2d 255, 262 (5th Cir.1982) (holding that attorney location was not "a significant basis for determining venue").

### III. Conclusion

In light of the foregoing, the Court finds that defendants have failed to establish that this matter should be transferred to the Eastern District of Louisiana for the convenience of the parties and witnesses and in the interest of justice, and therefore, the Court will deny defendant's motion to transfer.

COPY SENT:
DATE: 9-29-08
BY: ___
TO: TLM
PJ